IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRYAN BRUTON, <br>     PLAINTIFF, <br><br> v. <br><br> SOUTHWEST RECOVERY SERVICES, INC., and <br> TRAVELERS CASUALTY AND SURETY COMPANY <br> OF AMERICA, <br>     DEFENDANTS | Case No. 4:18-cv-365 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by Southwest Recovery Services, Inc. ("Southwest").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Southwest transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

### PARTIES

6. Plaintiff, Bryan Bruton ("Plaintiff"), is an adult individual residing in Frisco, Texas.

7. Southwest is a Texas corporation operating in Dallas, Texas.

8. Southwest can be served via its registered agent, STEVEN DIETZ, at 17311 DALLAS PARKWAY, SUITE 235 DALLAS, TX 75248.

9. Travelers Casualty and Surety Company of America ("Travelers") is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

10. Travelers is liable for acts committed by Southwest pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241060TX, as well as any other applicable law.

## FACTUAL ALLEGATIONS

11. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is a debt on an old account at a medical provider. The alleged debt in question was incurred for personal purposes and not for business or commercial purposes.

12. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

13. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. After the Account allegedly went into default, the Account was placed with Southwest to do the collection work on the Account.

16. On Southwest's website (www.swrecovery.com) Southwest boasts "Our collection agency collects past due invoices, unpaid rent, commercial collections, medical collections and more! If someone owes you money we can help."  It also states:

> Southwest Recovery Services, Inc. is a nationally recognized full service accounts receivable management company headquartered in Dallas, Texas with a location in Houston. With over 25 years of debt recovery and account servicing and collection agency experience at all stages, we have provided superior results, transparent pricing and exemplary customer service for the past 14 years. At Southwest Recovery Services, our goal is simple. We partner with companies from all industries recovering lost revenue as quickly as possible at the lowest cost while preserving our clients' public image in the marketplace.

17. The principal purpose of Southwest is the collection of debts using the mails and telephone and other means as illustrated by its website at www.swrecovery.com.

18. Southwest is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

19. Plaintiff disputes the amount Southwest attempted to collect on the account.

20. Plaintiff requests that Southwest cease all further communication on the Account.

21. During the one year prior to the filing of this Complaint, an employee of Southwest using the name "Tyrone Love" sent many written correspondences to Plaintiff, including electronic mail.

22.  During the one year prior to the filing of this Complaint, Southwest sent Plaintiff a letter which stated "This matter has been flagged to be reported to your credit bureaus, and will remain there until the balance is paid in full."

23. Despite telling Plaintiff that the account would "remain until the balance is paid in full," when Plaintiff later asked Southwest to determine a settlement of the Account which would

include removal of the Account from his credit report, Plaintiff was told it was not an option for the Account to be removed at all.

24. This was directly contrary to the information Plaintiff had already been provided in the letter referenced above.

25. Additionally, Plaintiff was told that if the Account was not quickly resolved, the Account "will soon be placed with another agency, thus increasing the amount due to fees, penalties, etc."

26. The statement referenced in the above paragraph was misleading because the balance of the Account would not increase due to "fees, penalties, etc." and/or because the balance of the Account would not increase due to being placed with another agency.

27. The statements made by Southwest to Plaintiff regarding the possibility of removal from Plaintiff's credit report and/or the statement regarding the inability of Southwest to remove the Account from Plaintiff's credit report was false and/or misleading and/or deceptive.

28. The statements made by Southwest regarding the looming increase in the balance of the Account if it was sent to another agency were false and/or misleading and/or deceptive.

29. The representations by Southwest described above were made for the purpose of creating a false urgency to repay the Account.

30. The written correspondence and electronic mail messages constituted "communication[s]" as defined by FDCPA § 1692a(2).

31. The purpose for the communications described above was to attempt to collect the Account.

32. The communications conveyed information regarding the Account directly or indirectly to Plaintiff.

33. The only reason that Southwest sent communications to Plaintiff was to attempt to collect the Account.

34. The statements and actions of Southwest constitute illegal communication in connection with debt collection.

35. All of the conduct by Southwest and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

36. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA and TFC.

### **RESPONDEAT SUPERIOR**

37. The representative(s) and/or collector(s) at Southwest were employee(s) and/or agent(s) of Southwest at all times mentioned herein.

38. The representative(s) and/or collector(s) at Southwest were acting within the course and/or scope of their employment at all times mentioned herein.

39. The representative(s) and/or collector(s) at Southwest were under the direct supervision and/or control of Southwest at all times mentioned herein.

40. The actions of the representative(s) and/or collector(s) at Southwest are imputed to their employer, Southwest.

### **COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SOUTHWEST RECOVERY SERVICES, INC.**

41. The previous paragraphs are incorporated into this Count as if set forth in full.

42. The act(s) and omission(s) of Southwest and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(e)(2)&(6)&(8)&(10).

43. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY SOUTHWEST RECOVERY SERVICES, INC.

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of Southwest and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(8)&(12)&(13)&(14)&(19).

46. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT III:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF SOUTHWEST RECOVERY SERVICES, INC.

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Southwest and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(8)&(12)&(13)&(14)&(19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

49. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Travelers.

### JURY TRIAL DEMAND

50. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

51. Judgment in favor of Plaintiff and against Southwest as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    e. Such other and further relief as the Court deems just and proper.

52. Judgment in favor of Plaintiff and against Southwest and Travelers jointly and severally, as follows:

    a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b. An injunction permanently enjoining Southwest following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR 72223
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@jeffwoodlaw.com
*Attorney for Plaintiff*